## WILLIAM M. CURTISS *v.* GEORGE GREENBANKS.

### *Book Account.　Tender.*

The balance found due by the auditor, is conclusive, so far as the account is concerned, on both parties, if no exception is taken to the ruling of the auditor in ascertaining that amount.

Where bank bills were placed on the table in the presence of the plaintiff, the amount stated, and capable of being taken into immediate possession, if plaintiff had been willing to receive it, and was duly paid to the auditor, and is brought into court, it was held, that this was a good tender, and sufficiently conformable to all legal requirements.

Where money is tendered and refused, the person tendering it is at liberty to use it as his own, all he is under obligation to do, is to be ready at all times, to pay the debt in current money, when requested.

But if the tender is of specific articles, the property tendered cannot be retaken, or disposed of in any way, by the person tendering.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor appointed, who reported the facts substantially as follows:—

The defendant, (who owned a woolen factory, in Barnet, Vt.) in the month of November, 1849, through an agent authorized for the purpose, hired the plaintiff, as a master carder, and one Robertson, as a master spinner, to work in his factory, the plaintiff at $1.25 per day, and the said Robinson at $1.50 per day. They came on to Barnet from Lawrence, Mass., on the 17th day of December, 1849, to commence work for defendant, under said hiring.

The defendant was unwell at the time, and when plaintiff reached Barnet, was violently sick and deranged, and remained so about three weeks after plaintiff's arrival. When the defendant had so far recovered, as to know that the plaintiff and said Robertson had come, he sent for them to come to his room, and had an interview with them. On this occasion, the defendant told plaintiff and said Robertson, that owing to his sickness, it was uncertain when he should be able to start his mill, and that he could not afford to pay them the wages agreed upon, and that under the circumstances, if they insisted on the contract price, he would pay them up, and let them return; but if they saw fit to remain, he would do what was

Curtiss *v.* Greenbanks.

*right*, with regard to their wages. To this last proposition, plaintiff and said Robinson assented and agreed, and they remained until the mill was put in operation, in March, and then commenced work at the business for which they were hired. Up to this time, plaintiff worked for defendant, whenever any thing offered, and as occasion required, and spent some time at work on defendant's machinery in the mill, but for the most part had his time to himself.

The defendant offered to prove, that plaintiff was not a skillful hand at the business, for which he was hired. To this, plaintiff objected, on the ground that defendant's remedy, in that case, would have been to discharge him, failing to do so, he was liable for the contract price. The auditor admitted evidence on this point, and it was proved that plaintiff was not equal to the recommendation which was sent to defendant, by the agent who hired him; that he never had charge of a card-room before, as master carder. This testimony was considered by the auditor, and had an influence in fixing upon plaintiff's wages.

Although defendant so far regained his health, as to start his mill and keep it in operation, from some time in March, to the middle of May, he was then obliged to give up the business, (in consequence of ill health,) and leased his factory on the 15th day of May, 1850; a settlement was then made with said Robertson, who accepted seven shillings per day, and the plaintiff's account was made out at five shillings per day, and presented to him for settlement on several occasions, to which he made no objection, except as to amount of wages. That on one occasion, before the commencement of this action, plaintiff was sent for, and went to defendant's sick room, for the purpose of attempting a settlement; the account was then laid out on the table, and the balance, $53.00 in bank bills and 44 cents in change, was placed, with the account, on a table in the room, in plaintiff's presence, by defendant's book keeper; and he was told the same was ready for him, though it was not formally presented, or handed out to him. No objection was made to the kind of money.

Subsequent to this, the defendant ascertained that one Stevens had charged him one dollar extra, for use of a team, which the plaintiff was furnished to go to St. Johnsbury, on defendant's business, but which he drove around by Danville on his return, on his

XXIV.    35

own account; defendant added this to his account against plaintiff, making plaintiff's balance one dollar less than was tendered as above, (if deemed a tender,) and this sum of $52.44 was placed in the auditor's hands, on the hearing, and is brought into court, though not the identical money previously offered. It did not appear that the defendant placed the said money in any particular person's hands, and kept the same in readiness for plaintiff; nor did it appear that plaintiff had ever called for the same.

The auditor found due plaintiff on the 15th day of May, A. D. 1850, a balance of fifty-two dollars and forty-four cents. .

The county court, December term, 1851,—POLAND, J., presiding, accepted the report and rendered judgment for the plaintiff thereon. Exceptions by defendant.

*M. Hale* and *A. Underwood* for defendant.

1. The tender in bills was good, not being objected to on that account. 3 Stephens N. P. 2603—4. *Snow* v. *Perry*, 9 Pick. 539. *Warren* v. *Mains*, 7 Johns. 476.

2. The finding of the auditor, shows that the plaintiff must have understood it as a tender for the account, and he might have taken it if he would. It is also manifest, that the only reason of his declining, was, he claimed *more*. *Sargent* v. *Graham*, 5 N. H. 440.

3. A tender of $53.44, is a good tender for $52.44, as the former embraces the latter, &c. But in book account there is no *plea* of a tender. The technicalities of *pleading* are dispensed with. If the money in fact be tendered before the suit, it is sufficient to prove the fact before the auditor, and lodge the money with the auditor, provided the same be returned by him into court, with the report. 1 Selwyn N. P. 152—3, and note 83. 3 Stephens N. P. 2605. *Dean* v. *James*, 4 B. & A. 546. *Woodcock* v. *Clark*, 18 Vt. 333.

4. That defendant did not bring the *same identical money* into court, makes no difference. One gold eagle tendered, is no more or less than another gold eagle brought into court. Formerly a tender *after dark* was not good, but now a tender in the evening is held good. *Thomas* v. *Hayden*, cited in *Sweet* v. *Harding*, 19 Vt. 587.

*J. Potts* for plaintiff.

Insisted, that the tender should be held inoperative, for the reasons,— 1st, that it was insufficient as to amount. 2d, that it was not properly kept and presented to the auditor.

It appears from the auditor's report, that the defendant did not keep the money in readiness for plaintiff, and that the money produced before the auditor, was not the same, either in denomination or quality.

This was defeated by defendant producing a less sum before the auditor, than that tendered. The plaintiff could not have avoided the tender, if otherwise good, by a demand and refusal of a larger sum than that tendered, but must demand the precise sum. Chit. on Con. 802, and cases there cited. *Thetford* v. *Hubbard,* 22 Vt. 440. And can it be said that defendant may tender such sum as he pleases, and produce another and less sum?

By the Court. The auditor, in this case, has reported the sum of $52.44, as being the balance due the plaintiff on the 15th day of May, 1850. This balance, so far as the plaintiff's account is concerned, is conclusive on both these parties, as no exceptions *by the plaintiff* were taken to the ruling of the auditor, in ascertaining that amount. We are, therefore, to regard that sum as the balance really due at that time to the plaintiff.

The question arising in this case, is upon the tender of $53.44, made on this account, shortly before the commencement of this action. No question has been urged, but that a legal tender can be made in cases of this character, if all the legal formalities have been observed in making it. The auditor has reported, that at the time, the parties met for the purpose of making a settlement, that the above sum, as now allowed by the auditor, was then presented by defendant, as the balance due from him. On that occasion, the sum of $53 in bank bills, and 44 cents in change, was counted out, and placed with the account, on the table in the room, in the plaintiff's presence, and he was informed that it was ready for him. If the character of the money tendered had been objected to, it is evident that it would not amount to a legal tender. The authorities, however, are uniform upon the subject, that a tender in bank bills is good, if the creditor places his refusal to receive the money on other grounds, or makes no objection to the tender, on the express ground that it is in bank notes. The auditor

has stated, that no objections of that character were made, but were confined to the sum allowed for his wages. There can be no doubt either, but that there was a sufficient offer of the money to answer the requirements of the law in this respect. It was placed on the table in his presence, its amount stated, and capable of being taken into immediate possession, if he had been willing to receive it, and this was duly paid to the auditor, and is in court. This tender is good, and sufficiently conformable to all legal requirements, and particularly so, as no objections to any informality were made; and, unless made at the time, it will be a waiver of such objections, as well as of the character of the money tendered. Smith's Mer. Law 625, 7. 4 B. & Ad. 546. 2 M. & W. 86. 8 M. & W. 298. 2 Greenl. Evid. § 600 to 604.

The objections to this tender, are urged, first, that the amount originally tendered was $53.44, but the amount paid into court was but $52.44. This last sum is all that is really due the plaintiff, and all he can honestly demand, as found by the auditor. The amount of the indebtedness as agreed to by the defendant at the time of the tender, was really less by one dollar, in consequence of the last item in defendant's account not being then reckoned, as the defendant was then ignorant of the charge, but it was within the knowledge of the plaintiff, and which he suppressed.

It is not for him, therefore, to insist upon an acknowledgement so made by that tender, under an ignorance of facts, which it was his duty at that time to have removed. The defendant has done all that should be required of him to do, to be ready at all times to pay the amount really due, when demanded, and at the proper time to pay the same into court. It has also been objected, that this tender is of no avail, from the fact, that the money paid into court, was not the identical money previously offered or tendered. And it has been insisted, that to keep a tender good, the party must keep the identical money offered, ready to be paid over, on demand, or in a proper time to pay the same in court. This principle, whatever may be the rule in relation to the tender of specific articles, can have no application to the tender of money, or that which the parties have treated as equivalent to the current coin of the country. It is to be borne in mind, that a tender of money does not extinguish the debt. It simply bars the claim to damages and interest, and the costs of an action, if the matter is prosecuted.

Curtiss *v.* Greenbanks.

By the tender, if refused, the money does not become the property of the person to whom the tender is made. Hence, the person tendering is at liberty to use it as his own, all he is under obligation to do, is, to be ready at all times to pay the debt in current money, when requested. In this respect, there is an important distinction between the tender of money and that of specific articles. In the case of specific articles, a tender duly made, is a discharge of the debt. The title to the property thereby passes to the person to whom the debt is due, whether accepted or not. For this reason, the property tendered cannot be retaken, or disposed of in any way by the person tendering. This distinction, clearly established by the authorities, affords a sufficient reason why the identity of the money in this case, becomes immaterial, for that particular money was never the plaintiff's. It remained the property of the defendant, on the refusal to accept it. All that the plaintiff can ask of the defendant to do, and all the defendant is required by law to do, to keep good his tender, is, to be ready at all times, when requested, to pay the debt in the current coin of the country, or when prosecuted, to pay the same into court, and this the case finds to have been done by the defendant. From the facts reported by the auditor, we think the tender was sufficient, and constitutes a good defense. The judgment of the county court must be reversed, and judgment rendered for the defendant on the report.