JOHN W. DOANE et al.

v.

JOHN H. DUNHAM.

1. CUSTOM AND USAGES OF TRADE—*enter into and form part of contracts.* Customs and usages of trade are supposed to enter into and form a part of all contracts where the usage or custom prevails, in reference to the matter to which the contract relates.

2. DAMAGED GOODS—*when delivered under an executory contract of sale must be returned in a reasonable time.* Where a party purchases of a wholesale dealer goods of a particular quality, to be delivered at a future time, it is the duty of the purchaser to examine the goods, and if not of the quality purchased, to notify the seller to take them back, within a reasonable time, considering all the circumstances of the transaction.

3. If the goods are purchased in original packages of a wholesale merchant by a dealer, and it is the usage and custom not to examine such goods until opened by dealers to sell to customers, and both parties deal with reference to such usage and custom, then an examination made by the dealer when he opens the package to sell to customers, will be within a reasonable time, provided the goods are offered for sale in due course of trade.

4. Where goods are delivered to a purchaser under an executory contract of sale, and they are not of the quality bought, and the buyer notifies the seller to take the goods back, it is a question of fact, to be determined by the jury, in the light of all the attending circumstances, whether such notice was given in apt time or not.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. HUGH A. WHITE, and Mr. SIDNEY SMITH, for the appellants.

Messrs. HAWES & LAWRENCE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This case was previously before this court, and is reported in 65 Ill. 512. The facts presented by this record do not vary materially from those stated in the opinion, as reported,

except there seems to be a conflict of evidence on the last trial as to the length of time the sugar was retained by appellants before it was examined, found to be different from that intended to be purchased, and the notice to take it back.

When the case was formerly before us, it was held that this was an executory contract, and after the sugar was received appellants were entitled to a reasonable time within which to make an examination, and to give notice to remove the sugar; and that whether the notice was given in apt time was a question to be determined by the jury, in the light of all the attending circumstances, and, of course, with proper instructions from the court.

Appellee having again recovered a judgment for the supposed value of the sugar, appellants again bring the record to this court, and seek a reversal, upon the grounds that the court below gave improper instructions on behalf of appellee, and refused to give proper ones asked by appellants.

An examination of those given, of which complaint is made, fails to disclose error. They inform the jury that there should have been an examination of the sugar, and a notice to take it back, within a reasonable time, considering all the circumstances. This is, no doubt. true, as a legal proposition. Even under clear and satisfactory evidence that it was the general and uniform usage for the kind of goods in question never to be examined until the wholesale merchant sold to his customer, the proposition is correct. If such was the usage, and both parties dealt with reference to it, then it would, according to such usage, be within a reasonable time to examine it when offered for sale by appellants. But the rule, no doubt, has the limit that it must be so offered in due course of trade. A person who should buy as speculation, or with the intention of holding it for sale at a distant period of time, could not claim its benefits. It could only be applied in cases falling within the general course of trade.

The court below refused to instruct for appellants, that:

"If the jury believe, from the evidence, that it is not the custom among wholesale dealers in Chicago, engaged in business as defendants were, to examine sugar of the kind and quality sold by plaintiff to the defendants, upon receiving the same in store, or upon sale of the same to customers, and that it was not customary for such sugar to be examined until opened by dealers to sell from to customers, and that the sugar was damaged when it was delivered, and not of the quality sold them, the jury are to take into consideration all of these facts and things in determining whether defendants gave plaintiff notice, within a reasonable time, to take back said sugar ; and if they find therefrom that they did, then they must find for the defendants."

If such was the uniform custom, understood and acted upon by the trade in Chicago, then it is but a fair presumption that the parties acted upon it, and should be governed by it. There was sufficient evidence upon which to base the instruction, and it should have been given.

Appellants asked, but the court refused to give, this instruction :

"If the jury believe, from the evidence, that, according to the well established usage and custom of trade among wholesale dealers in standard powdered sugar in Chicago, the same is sold and handled in original packages, and no examination is made as to quality or condition thereof upon purchase or sale thereof, and that the plaintiff was familiar with said usage and custom, and had long been in the habit of handling and dealing in said sugar in Chicago, and that the sugars in question were not examined by either parties when taken from plaintiff's store ; and if the jury also believe, from the evidence, that said sugar was caked when so taken from plaintiff's store, and not in the condition contemplated by either plaintiff or defendants, and that the defendants dealt

with said sugars pursuant to said usage and custom, and that as soon as they found out that said sugar was damaged they offered to return the same, and notified said plaintiff to take same away, and that the plaintiff neglected so to do, and that the same was destroyed by fire while being so held by defendants, subject to the order of said plaintiff, then they must find for the defendants."

In this, we think, the court erred.

It has been frequently held by this court, and the rule seems to be general, that custom and usages of trade are supposed to enter into and form a part of all contracts, where the usage or custom prevails, in reference to the matter to which the contract relates. And if such be the presumption, then it was manifest error to refuse this instruction.

For the wrongful refusal to give these instructions, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*