F. W. WOODS, Respondent, v. HUGH E. THOMPSON, Appellant.

Kansas City Court of Appeals, June 26, 1905.

1. **SALES: Rescission: Reasonable Time: Evidence.** On a review of the evidence it is held that the offer to rescind a certain sale of brooms was made within a reasonable time.

2. ———: ———: **Tender.** It is immaterial that goods were not tendered back at the place where secured when the evidence shows they would not have been accepted if so tendered.

3. ———: **Warranty: Evidence: Jury.** On the evidence the question of whether there was a warranty relied on by the defendant when he made the purchase was a question for the trier of the facts.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans,* Judge.

REVERSED AND REMANDED.

*Warner, Dean, McLeod & Holden* for appellant.

(1)    The instruction given by the court at the instance of the plaintiff was a peremptory declaration that as a matter of law the judgment should be for the plaintiff. It was in the nature of a demurrer to the defendant's evidence in defense, and was not a finding upon the facts. Butler Co. v. Bank, 143 Mo. 13; Davis v. Croyden, 60 Mo. App. 441. (2)    In giving this declaration of law the court either withdrew from his consideration the weight of defendant's evidence regarding the quality of the brooms, in which event it committed error. Lumber Co. v. Christophel, 62 Mo. App. 98. (3) Or the court by this declaration held that conceding that the defense of failure of the brooms to equal the representation made regarding them was true, the plaintiff was still entitled to recover because defendant failed to

properly rescind the sale. As a matter of fact, this was the conclusion actually reached by the court. It held that the defense of breach of warranty was good but that the defendant failed to rescind "within a reasonable time after said brooms were delivered," by tendering the brooms back to the plaintiff. The words above quoted were inserted by the court in defendant's instructions numbered 5 and 6, which were refused as asked and given as thus modified. (4) The evidence regarding the rescission of the sale was undisputed. It was wholly contained in the correspondence. These letters together with the evidence regarding the telephone conversation show that from the first, the defendant refused to accept the brooms and demanded that the plaintiff receive them back. The defendant repeatedly tendered them back to plaintiff and it is equally true that plaintiff at all times refused to receive them. Defendant was entitled to a reasonable time within which to exercise his right to rescind. Soap Works v. Sayers, 55 Mo. App. 24; Heating Co. v. Gas Co., 60 Mo. App. 153; Publishing Co. v. Hull, 81 Mo. App. 277; Tower v. Pauly, 51 Mo. App. 75; Cahn v. Reid, 18 Mo. App. 115. (5) Although defendant repeatedly tendered the brooms back to plaintiff yet it is further well established that if it clearly appears that a tender, if made, would have been fruitless, it need not be shown. So also even if the tender made is not absolute, yet if it further appears that a more specific tender, if made, would have been equally unavailing, any further tender need not be shown. Soap Works v. Sayers, 55 Mo. App. 25; McManus v. Gregory, 16 Mo. App. 375; Harwood v. Diemer, 41 Mo. App. 48; Deichman v. Deichman, 49 Mo. 109; Padden v. Marsh, 34 Iowa 522; Tibbs v. Timberlake, 4 Litt. (Ky.) 12; Milliken v. Villings, 89 Me. 180; Harvester Co. v. Goundrad, 16 Neb. 529; Ruben v. Lewis, 20 Misc. (N. Y. Sup. Ct. App. T.) 583. (6) The court may as a matter of law declare what is and what is not an unreasonable time within which to rescind. Between the two extremes,

the question is one of fact to be determined by the trier of the facts.

*J. Allen Prewitt* and *D. C. Herrington* for respondent.

(1) The goods were inspected by defendant. He pleads *express* warranty only. Hence the question of implied warranty is not in this case. Maher v. Eagle, 7 Mo. App. 590; 15 Ency. of Law, pp. 1218-1220. (2) Defendant's answer denies inspection of the goods and sets up as a defense an express warranty. If the defendant proved any warranty he proved also the inspection. Hence his proof did not conform to pleading and plaintiff's instruction was properly given. Currier v. Lowe, 32 Mo. 203; Wade v. Hardy, 75 Mo. 399; Pattison, Mo. Code Pleading, p. 291, art. 552, and cases cited; Mize v. Glen, 38 Mo. App. 98; Meir v. Proctor, 81 Mo. App. 410. (3) An opportunity to inspect the goods is equivalent to inspection. The fact that a full inspection would require time and trouble is no excuse for not inspecting. 15 Ency. Law, pp. 1218-1220, ante. (4) The evidence fails, however, to show any warranty. An express warranty must be "a positive affirmation of a material fact." Brockhaus v. Shilling, 52 Mo. App. 73; Carter v. Black, 46 Mo. 385; Tiedeman on Sales, art. 193. This is especially true where there has been an inspection. Doyle v. Parish, 85 S. W. 646; Thompson v. Botts, 8 Mo. App. 710; June v. Faulkenburg, 89 Mo. App. 570. Inspection before delivery or an opportunity to inspect is tantamount to acceptance. Tiedeman on Sales, art. 114, p. 163. (5) Defendant did not place plaintiff *in statu quo* hence could not rescind. Skein v. Springfield Eng. Co., 34 Mo. App. 494; Beal v. Winn Threshing Co., 84 Mo. App. 539; Baker v. McKeeney, 87 Mo. App. 361, 24 Ency. Law, p. 645. Defendant purchased the brooms delivered f. o. b. the cars at Blue Springs. Blue Springs was therefore the place of delivery and the place

where defendant should have made his complaint and tender.

BROADDUS, P. J.—The plaintiff was a broom manufacturer at Blue Springs, Missouri, and defendant was a broom manufacturer at Kansas City. On and prior to the 7th day of April, 1903, the plaintiff had on hand 226 dozen brooms and some broom corn that he desired to sell; a few days prior to said date he requested one, D. L. Cobb, to sell the same for him, and the said Cobb saw defendant at his place of business in reference to the matter and the latter soon thereafter went to Blue Springs and inspected the brooms but did not buy at that time. He was at the latter place only a short time and as the brooms were stored in a loft over plaintiff's shop he claims that he did not have the opportunity to make a complete inspection of them for want of time. The plaintiff was not in the factory when defendant inspected the brooms but he saw him before he left Blue Springs. He testified that defendant said to him: "I have been at the factory and seen your brooms and have come out to see about buying you out. I have fifteen minutes to do it in. We can trade in fifteen minutes I guess, or we can't in an hour." He also testified that he priced the brooms at $1.65 and defendant said, "no, sir, I will give you straight $1.50 for your brooms put on the cars." That after that plaintiff instructed Cobb to sell them to defendant at $1.50 if he could not get any more.

Defendant testified that when he inspected the brooms Cobb was present and that he represented that the brooms would probably average in weight 23 pounds; that they were uniform and that some of them that could not be seen were better than those in view; and that he guaranteed that the handles were all tight. He also testified that, among broom men, the question of weight was one of the material elements in arriving at the value

of a broom; and that it would have taken a day's time to have weighed all the brooms.

On April 1 Cobb wrote to defendant that he had bought the property from Woods (the plaintiff) and asking what was the best offer he would make for the brooms. To this, defendant replied asking Cobb to name his lowest price and the latter wrote offering to take $1.60 a dozen. To this, defendant replied declining the offer. On April 7 Cobb called up Thompson over the telephone and the trade was agreed on at $1.50 per dozen. The brooms were immediately shipped to defendant and arrived at Kansas City April 10 and were unloaded. Soon thereafter defendant inspected them and found, as he stated, that they were light in weight and loose in the handles; that he put 15 or 20 dozen of them on the scales; that most of them weighed only a little over 20 pounds, and that they were of an inferior grade. He then had them removed to his warehouse and had each dozen weighed, which showed that they were inferior in quality and not according to the guaranty made by Cobb.

On April 13 defendant wrote to Cobb the following letter: "Dear sir. I have received the 226 dozen brooms shipped me and hold them subject to your order because they are not as represented to me. I have paid the freight on same amounting to $6.24, as I told Mr. Woods this morning. I think it best for you to come here right away so that you can personally go over the lot of brooms and decide what you wish to do with them." On April 15 Cobb wrote defendant in effect that he had inspected the brooms himself; that he sent him the brooms he saw and none others; and that all he asked of him was to pay for them as he had agreed. On the same day defendant wrote Cobb as follows: "In reply to your favor of the 15th I beg to say that I must absolutely refuse to receive these brooms because a great many of them are loose on the handles which you absolutely guaranteed me they would not be, and they are short in

weight, as there are a few dozen if any that will run 24 pounds to the dozen . . . I do not want any advantage over you at all, and am simply waiting your order to know what to do with them, and if you wish me to I will ship them all back to you, and will keep out five dozen to pay the freight amounting to $6.24 and my trouble in hauling them from the depot and back . . . I hold them subject to your order and subject to your risk of fire," etc. To this letter Cobb replied that defendant could do as he pleased as he had no interest in the brooms. On April 23 defendant wrote to Cobb as follows: "I write you once more asking you to give me prompt disposition on these brooms as they are in our road and unless you give this prompt attention I shall be obliged to store them in some public storeroom."

Mr. Herrington, plaintiff's attorney, then wrote defendant threatening to bring suit unless the brooms were paid for. Whereupon defendant wrote as follows: "I am willing to load these brooms on the car and ship back to Mr. Cobb and charge nothing for my expense of hauling both ways." Mr. Herrington wrote defendant declining this offer. Defendant then wrote: "I will deliver these brooms to Mr. Cobb or his order, or I will haul them to the depot and reship them to him or his order to any point he may order them shipped to, and will lose the amount of freight I paid on them and the expense I have been to in handling them, but this is all I will do."

It was developed that Cobb was at no time the owner of the property but that he was acting as plaintiff's agent.

The court, sitting as a jury, at the close of all the evidence gave a peremptory instruction in favor of plaintiff and gave judgment accordingly. Defendant appealed.

The defendant in his answer after admitting the contract of purchase set up the following as a defense: "That as a part of said contract of purchase and of the

consideration therefor, said Cobb represented and warranted that at least two-thirds of said brooms would weigh at least 24 pounds to the dozen, and that all of said brooms would weigh an average of at least twenty-three pounds to the dozen, and that none of said brooms were or would be loose upon the handles. . . . and that said representations and warranties were untrue," etc.

It is assumed by defendant that as there was evidence of said representations and warranties, and that the brooms were not such as represented and warranted, the court predicated its said instruction on the ground that defendant had not offered to rescind the contract within a reasonable time. On the other hand, plaintiff contends that the action of the court was proper as all the evidence shows that defendant purchased upon his own inspection and not upon warranty. There was some dispute as to the facts relative to defendant's purchase but none as to his offer to rescind.

This case in principle is much like the one in Enterprise Soap Works v. Sayers, 55 Mo. App. 15. The plaintiff in that case bought of defendant 150 barrels of tallow which was received by it on November 26th. In four days thereafter it notified defendant that the tallow was impure and not according to sample, but did not offer to rescind. Several letters passed between the parties in an effort to adjust the matter but without effect. This correspondence continued until December 30 when plaintiff, through its attorney, still expressed a desire to adjust the dispute between the parties and proposing two means for doing so which would be acceptable to plaintiff; and further, if the terms proposed were not accepted, plaintiff would proceed to sue and have the tallow sold and the proceeds applied on its demand and hold defendant for the balance. The defendant declined to accede to plaintiff's terms and it brought suit. The holding was that, "the case is lacking all elements which would enable the court to declare, as a mat-

ter of law, that the ultimate refusal of the vendee to accept the goods, and the institution of the suit for a recovery of the purchase money, did not occur within a reasonable time."

The defendant Thompson as soon as he examined the brooms and within the three days after he had unloaded them notified plaintiff that he would not accept them; and in all his subsequent letters he insisted upon a rescission of the contract, and that he was holding the brooms subject to plaintiff's order. It seems to us that the offer to rescind was made within a reasonable time. See also Steam Heating Co. v. Gas Fixture Co., 60 Mo. App. 148.

But plaintiff contends that the offer to rescind was not accompanied with a tender of the goods at Blue Springs where they were delivered to defendant. But all the evidence shows that if a tender had been made it would not have been accepted. Under such circumstances a tender need not be proven. [Enterprise Soap Works v. Sayers, supra.]

The plaintiff claims that defendant did not purchase the brooms upon representation or warranty of the quality, but upon his own inspection. It is true that defendant inspected the brooms, but it appears that owing to the manner in which they were stored, his inspection was not satisfactory and he required some assurance from Cobb, the agent, as to the quality, which was given. It was at least a question for the jury to say whether defendant relied on such representations or upon his own knowledge derived from inspection. It was competent for defendant, notwithstanding he had inspected the brooms, to show that plaintiff's agent had warranted their quality and that he relied upon such warranty.

We think upon the undisputed testimony it was a question of law for the court to say whether the defendant had exercised the necessary diligence in rescinding the contract and we are constrained to hold that he did

Woods v. Thompson.

exercise such diligence. Whether there was a warranty or representation which was relied on by defendant when he made the purchase was a question of fact for the court sitting as a jury.

Reversed and remanded. All concur.