O. O. HEFNER v. ED ROBERT.

FILED MARCH 22, 1906. No. 14,229.

1. Contract: TENDER: WAIVER. When no other place is specified in a contract for a tender, the law will presume that the tender should be made at the place of the contract; but an unconditional refusal to accept the tender at any place waives the necessity for a technical tender at the place of the contract.

2. Tender, Withdrawal of. Where a tender other than money is made, the tenderer must, if possible, keep the property in condition to make the tender good while an action for rescission is pending. If, after making the tender, he exercises acts of ownership over the property tendered, inconsistent with the theory that he is holding the property for delivery to the party to whom it was tendered, such conduct amounts to a withdrawal of the tender.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE. Reversed.

W. H. Pitzer, William Hayward and Byron Clark, for plaintiff in error.

John C. Watson and E. F. Warren, contra.

OLDHAM, C.

This is an action to recover on a written contract for the purchase of a horse, entered into between plaintiff and defendant, as follows: "Omaha, Neb., March 24, 1902. This contract entered into by and between Ed Robert, of Guthrie Center, Iowa, and O. O. Hefner, of Omaha, witnesseth as follows: That O. O. Hefner has this day sold the imported shire horse named 'Girton Royal Tom,' for the sum of $1,300, upon the following terms and divisions, payable, $800 in one coach horse, $100 cash in hand, and $400 due in one year, with six per cent. interest from date. This contract notes that the horse, 'Girton Royal Tom,' is blemished in hind leg. He further agrees that in case the horse does not recover from this affliction he shall be turned back to O. O. Hefner for $600 cash in hand and Ed Robert's note of $400 of even date herewith, due in one year at six per cent. It is further provided that if horse recovers from blemished condition of hind leg, then Ed. Robert shall pay to O. O. Hefner his promissory note of $400. O. O. Hefner, Ed. Robert." The petition sets up that, in compliance with the foregoing contract, plaintiff tendered back to defendant the horse described therein for the reason that the horse did not recover from the blemish mentioned in the contract, and that defendant absolutely refused to accept said horse, when so tendered. The answer, in substance, admitted the contract, denied the tender, and alleged that defendant was willing to rescind the contract, if plaintiff would fulfil the terms of the contract and redeliver the horse. Plaintiff, for reply to this answer, alleged that, after the tender of the horse and the refusal of the defendant to accept the same he had given the horse away because he was of no value. On issues thus joined there was a trial to a jury in the district court for Otoe county, a verdict for the plaintiff for the amount sued for, and a judgment on the verdict. To reverse this judgment defendant brings error to this court.

On the question of plaintiff's offer to rescind the con-

tract and tender back the horse, and defendant's uncon-
ditional refusal to accept such offer, there was a direct
and sharp conflict in the testimony. But, as this question
was properly submitted to the jury, we are bound, as a
reviewing court, to accept the conclusion of the triers of
the fact that the offer to rescind, for the reasons contained
in the contract, was made by the plaintiff and uncondition-
ally refused by the defendant. This determined question
of fact disposes of the first contention urged in defendant's
brief, which is that the tender should have been made at
the place of the contract. It is urged by counsel for the
defendant that, when no other place is specified for a
tender as antecedent to the right of rescission, the law will
presume that the tender should be made at the place of
the contract. We have no quarrel with this suggestion,
when modified by the further doctrine that, if an uncon-
ditional refusal is made to accept the tender at any place,
it is not necessary to resort to the useless formality of a
technical tender at the place of the contract.

But the serious, and we think fatal, objection to plain-
tiff's right to recover on a rescission of the contract al-
leged upon is the fact that, after having made a tender of
the horse in controversy, and after having been notified of
defendant's refusal to accept it, plaintiff, instead of keep-
ing himself in position to make his tender good during
the pendency of the action which he instituted against the
defendant, converted the tender to his own use and dis-
posed of it, as he alleges, by giving it away to another, so
that, when the trial came to a final issue, he was unable
to make his tender good. When his tender was refused,
if plaintiff desired to rescind the contract, it was his duty
to keep the tender good, that is, to keep the property in
such condition, if possible, that it might be redelivered to
the owner, when the cause was finally determined. In
other words, he must, from the date of his tender, treat
the property as though it belonged to the party to whom
it was tendered. Any act of his inconsistent with this
theory amounts in law to a withdrawal of the tender.

Hunt, Tender, secs. 448-454. *Curtiss v. Greenbacks,* 24 Vt. 536. Under this view of the case, we think that plaintiff is not entitled to recover on his petition for a rescission, of the contract. He withdrew the tender by exercising acts of ownership over the horse after the tender. Having done this, he is not entitled to rescind, but must sue, if at all, for damages on the contract.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and EPPERSON, CC.; concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause be remanded for further proceedings according to law.

REVERSED.