C. F. & A. C. MIZELL, *Plaintiffs in Error,* v. I. H. & W. L. WATSON, *Defendants in Error.*

1. The plea of not guilty is applicable in actions for wrongs independent of contract.

2. In an action to recover by way of rescission for a return of the price paid for a horse warranted to be sound, if the defendants would deny the fact of the sale of the horse or the warranty thereof they should plead non-assumpsit, or a plea traversing the contract or agreement.

3. If the making of a sale and warranty is admitted and the defendants would deny the breach of the warranty, a plea of confession and avoidance is proper. Under Rule 66 of the Circuit Court in common law actions, matters in confession and avoidance, including those by way of discharge or performance must be specially pleaded.

4. The buyer of a horse and buggy under a contract of warranty of the horse, the contract of purchase being entire, cannot recover the price upon a breach of the warranty where he retains possession of the buggy, and does not return or offer to return it to the seller in rescission of the contract, the buggy not being worthless.

5. If a vendee of chattels, upon the refusal of the vendor to accept an offer of their return, when a right to rescind the sale exists, takes the property and uses it as his own, he thereby loses such right. He cannot retain the property using it as his own, and at the same time rely upon a previous tender as a rescission.

6. The right to rescind a contract of sale must be exercised promptly upon the discovery of the facts giving rise to the right of rescission. Any unreasonable delay, or any action taken in continued recognition of the contract as a binding obligation, amounts to a ratification or election to abide by the contract and bars a subsequent rescission.

7. Whether an offer to rescind a sale of chattels and return them to the seller was made within a reasonable time is, in general, a question of fact for the jury.

8.  Where the facts are not disputed, the question of what is a reasonable time in which to rescind a contract of sale is a question for the court to decide, and the time may be such that the court will declare it to be reasonable or unreasonable as a matter of law.

This case was decided by Division B.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*C. L. Wilson,* for Plaintiffs in Error;

*J. M. Calhoun,* for Defendants in Error.

PARKHILL, J.—The defendtants in error sued the plaintiffs in error in the Circuit Court for Jackson County, as set forth in the declaration as follows:

"Now come the plaintiffs and sue the defendants and for cause of action say: That whereas the said defendants bargained and sold to the plaintiffs a certain horse for $180.00, which said horse, the said defendants, by their agents who sold said horse, represented said horse to be sound and all right, when in truth and in fact said horse was not sound and not alright, but was so physically afflicted in his legs and feet that he was without value and useless and worthless to the plaintiffs for the purpose which the plaintiffs had purchased him, wherefore plaintiffs sustained damages by reason of said misrepresentations made to the said defendant in the sum of $180.00.

2.  Plaintiffs further sue the defendants for that whereas the said defendants, by their agents, sold the

plaintiffs a certain horse for a price and value of $180.00 and received as part payment on said horse $120.00 in. cash, and at the time he so received said amount, they represented to this plaintiff that the said horse was sound physically and able to do the plaintiffs' work, when in truth and in fact the said horse was unsound and so afflicted and lame, and these defects could not then, at the time of the said transaction, be ascertained by the plaintiffs, and said horse was unfit for the plaintiffs' use and not serviceable and the plaintiff delivered said horse back to the said defendants who accepted the same back but the said defendants failed and refused to return to the plaintiffs the said $120.00 which they had obtained from the plaintiffs herein by reason of its agents failure of warranty in said horse and by reason of its failure of guaranty of said horse, wherefore the plaintiffs sustained a loss at the hands of the defendants in the sum of $120.00.

3. Plaintiffs further sue the defendants for that whereas the said plaintiffs were in peaceful possession of a certain buggy of the value of $75.00 and the said defendants of their own voltion and without the knowledge or consent of the plaintiffs and without authority of law, wrongfully took possession of said buggy and converted the same to their own use and benefit and deprived the plaintiffs of the use and benefit of the said buggy, wherefore plaintiffs sustained a loss and damages by reason of the wrongful acts of the said defendants in the sum of. $75.00, the value of said buggy.

All of which amounts are long past due and unpaid, wherefore plaintiffs sue and allege their damages in the sum of $500.00."

The defendants filed a plea of not guilty, upon which issue was joined. The jury rendered a verdict in favor of the plaintiffs for $121, upon which final judgment was

rendered. The plaintiffs entered a remittitur for $1.00, and the defendants sued out a writ of error.

The court limited recovery to the second count of the declaration, in a charge to the jury, as follows: "Now, the court charges you that if the plaintiffs bought a horse from the defendants and paid $120.00 in cash, and that at the time the trade was made, the defendant or the defendants' authorized agents represented that the horse was physically sound and fit to do certain work, and that such representations were believed by plaintiffs and induced plaintiffs to purchase the horse and part with the money, and such representations were false and untrue, and the defendants or defendants' agents knew at the time they were false and untrue, and made them to induce the purchase of the horse, then the plaintiffs upon the discovery of the defective condition of said horse, if any existed, would have a right to rescind the contract, provided they rescinded it in reasonable time and demand back the money they if any had paid, and if you find from the evidence these were the facts, then the plaintiffs would be entitled to recover under the second count of the declaration, and the amount of money if any which they paid to defendants at the time they purchased the horse. That is practically all the law there is to this case."

The errors assigned complain of this instruction and the insufficiency of the evidence to support the verdict.

This case was tried without proper issues. The court eliminated the first and third counts. The second count was founded on contract, and the plea of not guilty is applicable in actions for wrongs independent of contract. The plea put in issue none of the allegations set forth in the second count of the declaration. If the defendants would deny the fact of the sale of the horse or the warranty thereof, they should plead non-assumpsit, or a

plea traversing the contract or agreement alleged in the declaration. Rule 64 of Circuit Court in Common Law Actions; Porter, Executrix, v. Ferguson, 4 Fla. 102; Little v. Bradley, 43 Fla. 402, 31 South. Rep. 342. If the making of the sale and warranty were admitted and the defendants would deny the breach of warranty, a plea of confession and avoidance would be proper. Under Rule 66 of the Circuit Court in Common Law Actions, matters in confession and avoidance, including those by way of discharge or performance must be specially pleaded. See also 5 Ency. of Pl. & Pr. 377-9, 383; Hogan's Exr. v. Carland, 5 Yerg. (Tenn.) 282. In Craft v. Kendrick, 39 Fla. 90, 21 South. Rep. 803, this court took occasion to say that a violation of these rules should not be permitted by the Circuit Court.

The plaintiffs did not move to strike the plea of not guilty, and all the facts were put in evidence without objection and without reference to the pleadings. It appears from the evidence that the plaintiffs, as one transaction, bought of the defendants a horse and buggy, paying therefore the sum of $120.00 cash and giving their note and contract for $138.00 the balance due as follows:
"$138.00.          Chipley, Florida, March 13, 1907.

On or before the first day of October, 1907, we promise to pay to C. F. & A. C. Mizell, or order, one hundred and thirty-eight dollars at their office in Chipley, Florida, for value received, with interest at 8 per cent from date until paid, together with reasonable attorneys fees and all other expense incident to the collection of the same, whether by suit or otherwise, including recording fees. ·

This note is given for the purchase price of one bay mare about 6 years old also one J. G. Smith and Son top buggy, the title to which property shall remain in C. F. & A. C. Mizell until this note is fully paid, and said C. F. & A. C. Mizell may either in person or by agent, at any

time after default in payment, with or without legal process, retake said property wherever found, and any amount that may have been paid shall go as rent for its use."

The contract of purchase being entire, the plaintiffs could not rescind as to part and affirm as to the remainder. While they claim to have returned or offered to return the horse to the defendants, the evidence shows that the plaintiffs retained possession of the buggy and never returned or offered to return it to the defendants in rescission of the contract, the buggy not being worthless. This being so, there was no rescission, and the plaintiffs could not recover the price paid while they retained a substantial portion of the property purchased by them. 24 Am. & Eng. Ency. Law (2nd ed.) 1110; Hancock v. Tucker, 8 Fla. 435; McCarthy v. Ellers, 94 N. Y. Supp. 1109; Aultman v. McFallon, 11 Fed. Rep. 836; Brockhaus v. Schilling, 52 Mo. App. 73.

The charge of the court, therefore, is erroneous, as being inapplicable to the evidence; and the verdict is not supported by the evidence. Whatever may have been the right of the plaintiffs to recover damages sustained because of the breach of warranty, they could not recover by way of rescission for a return of the price paid unless they placed the defendants in *statu quo* by a return of the horse and buggy. It is true the defendants took possession of the buggy after the plaintiffs had retained and used the same for seven months, but no contention is made that it was delivered or accepted in rescission of the contract. The buggy was retaken by the defendants after default in payment of the note, and "without the knowledge or consent of the plaintiffs," as is alleged in the third count of the declaration.

If there is to be another trial of this case, we deem it proper to say, in view of other phases of the evidence,

if a vendee, upon the refusal of the vendor to accept his offer of return, when he has the right to rescind, takes the property and uses it as his own, he thereby loses such right. He cannot retain the property using it as his own, and at the same time rely upon a previous tender as a rescission. Moreover, any unreasonable delay after the discovery of the facts giving rise to the right of rescission, or any action taken in continued recognit on of the contract as a binding obligation, amounts to a ratification or election to abide by the contract and bars a subsequent rescission.  24 Am. & Eng. Ency. (2nd ed.) 1111; 28 Am. & Eng. Ency Law (1st ed.) 822; Grymes v. Sanders, 93 U. S. 55; Logan v. Berkshire Apartment Ass'n., 22 N. Y. Supp. 776; McCulloch v. Scott, 13 B. Monroe (Ky.) 172, S. C. 56 Am. Dec. 561; Owens Co. v. Doughty, 16 N. Dak. 10, 110 N. W. Rep. 78; Hefner v. Robert, 76 Neb. 192, 107 N. W. Rep. 258; Palmer & Son v. Cowie, 27 Ohio Cir. Ct. Rep. 617.

Whether an offer to rescind a sale of chattels and return them to the seller was made within a reasonable time is, in general, a question of fact for the jury. Andrews v. Hensler, 6 Wall. (U. S.) 254; Barnett v. Stanton, 2 Ala. 195; Doane v. Dunham, 79 Ill. 131; Churchill v. Price, 44 Wis. 540. Where the facts are not disputed, however, the question of what is a reasonable time in which to rescind a contract is a question for the court to decide, and the time may be such that the court will declare it to be reasonable or unreasonable as a matter of law. Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870; Johnson v. Whitman Agricultural Co., 20 Mo. App. 100; Woods v. Thompson, 114 Mo. App. 38, 88 S. W. Rep. 1126.

The judgment is reversed and a new trial ordered.

TAYLOR, P. J., and HOCKER, J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.