SIBLEY & DAVIS, APPELLEE, V. WILLIAM RODGERS, APPELLANT.

FILED JANUARY 3, 1912.   No. 16,589.

1. Appeal: CONFLICTING EVIDENCE: LIMITATIONS. Where the statute of limitations is pleaded as a defense to an action on a promissory note, and that question is submitted to the jury upon conflicting evidence, under proper instructions, a court of review will not disturb the verdict.

2. ———: NOTES: CONSIDERATION: EVIDENCE. Where a defendant pleads a total failure of consideration as a defense to an action on a promissory note, and his evidence at most tends to prove only a partial failure of consideration, it is not error to refuse to submit that defense to the jury.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*J. B. Smith,* for appellant.

*F. L. Putney* and *O. A. Williams, contra.*

BARNES, J.

Action on a promissory note, which was dated December 31, 1902, and due one year from the date thereof. The petition was in the usual form, with an additional allegation that the defendant had paid $5 on the note, which was indorsed thereon, within five years next before the commencement of the action. The defendant, by his answer, admitted the execution of the note, denied that any payment had been made thereon, and alleged that the noted sued on was given for the purchase of a wagon, which was warranted in every respect by the plaintiff to the defendant "as being a good wagon, both as to material and workmanship; but said wagon proved to be worthless for the purpose for which it was intended, and a source of expense to the defendant, and the plaintiff neglected and refused to repair or fix the same, or to replace it by a new wagon, as he had agreed to do, in case

35

the defendant found that the said wagon was faulty in any respect, although often requested by the defendant so to do, and therefore this defendant has received no valuable consideration whatever, save and except the said worthless wagon, and that the plaintiff has wholly neglected and refused to comply with said conditions of his warranty of said wagon." Plaintiff, by the reply, admitted that the note was given for the purchase price of a wagon, alleged that the wagon was warranted as to material and workmanship for one year only, and denied all of the other allegations of the answer. The cause was tried in the district court for Antelope county upon the issues thus presented. The plaintiff had the verdict and judgment, and the defendant has appealed.

Contention is made that the verdict is not sustained by the evidence, and that the court erred in not submitting the question of the failure of consideration to the jury. From a careful examination of the record, it appears that counsel for the defendant, in framing his answer, adopted the theory of his client that there was a total failure of consideration for the note in suit, and relied upon that fact as one of his defenses. A reading of the bill of exceptions discloses that the defendant's evidence did not support that theory. The testimony, when construed most favorably to the defendant's contentions, tends to show that the boxing of one wheel of the wagon was found to be cracked some few months after defendant purchased it. But his own witnesses testified that he used the wagon in the ordinary way; that at one time he took a load of about 50 bushels of shelled corn to the market with it, and continued to use it for general purposes until about the 1st of April, 1907, when he had it repaired by a wheelwright, who testified that he put in a new axletree, part of the skein and boxing, and reset the spokes to the wheel, and set the tires; that, notwithstanding more than four years had elapsed after defendant purchased the wagon, the wheelwright found no other defects in it. Defendant made no claim for cost

of repairs, and it appears that the plaintiff offered to allow him a credit of $7 therefor if he would pay the balance of the note. This he refused to do.

With the evidence in the condition above indicated, the district court submitted the question of the statute of limitations to the jury under proper instructions. This was the only defense upon which there was any conflict in the evidence, and upon this question the jury found for the plaintiff.

It seems clear from the whole record that the defendant had a fair trial, and, being unable to show a failure of consideration, which was one of his principal defenses, judgment was properly rendered against him.

Finding no error in the record, the judgment of the district court is

AFFIRMED.