PETER E. MANNING, Defendant in Error, v. JOHN McCLURE et al., Plaintiffs in Error.

Kansas City Court of Appeals, February 17, 1913.

1. **REPLEVIN: Rescission: Pleading.** In a replevin suit based upon a rescission of a contract for false and fraudulent representations, it is not necessary that the petition should use the word "rescinded." If it states facts from which a rescission follows as a legal consequence, this is sufficient. The petition contains all the allegations necessary in this kind of a case.

2. **CONTRACTS: Rescission: Statu Quo.** Although plaintiff, after trading for and receiving the land, placed a mortgage thereon, yet as the evidence shows this was for the sole benefit of defendants and the money was used entirely to pay their debts, this would not preclude him from rescinding. The defendants were about to put the mortgage on it themselves but it was agreed that plaintiff should give the mortgage after he got the land rather than take it subject to the mortgage. As plaintiff's name was on the note he was the only person not placed in *statu quo* by the rescission, but of this defendants cannot complain.

3. **———: Tender.** Where plaintiff rescinded promptly and was anxious that defendant take the land back and offered to deed it to them, but was told by them they would not take it but would hold him to the trade, it was not necessary for him to go to the expense of executing a deed and make a formal tender of it before bringing suit.

4. EVIDENCE: Value of Property: Witness Not Shown to be Qualified. It was not reversible error to permit plaintiff to testify as to the value of a farm even though he had not shown himself qualified, in view of the fact that the value was proved by other qualified witnesses and no testimony as to value was offered by defendant, and it was not material to plaintiff's right to recover whether the farm was valued at plaintiff's estimate or at that placed on it by the witnesses who were qualified.

5. PRACTICE, TRIAL: Argument: Jury. No error is committed by the court in forbidding counsel, in the argument to the jury, to make statements which were merely an incorrect exposition of the legal effect that would follow a verdict for plaintiff.

6. FRAUD AND DECEIT: Representations: False and Fraudulent. Representations made as positive statements of fact, by one of three owners of a tract of land, are not relieved of their false and fraudulent nature by the fact that the person making the representations had never seen the land and so informed plaintiff, because the former immediately referred the latter to one of the other landowners as one who had seen it and he, in the presence of the other, made similar representations. In such case the representations of one were those of all. And as plaintiff had no opportunity to see the land before the trade, he had a right to rely on the representations, since they were concerning physical facts, were not mere expressions of opinion and were reasonable on their face.

Error to Daviess Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Hewitt & Hewitt* and *Dudley & Selby* for plaintiffs in error.

*W. M. Fitch* and *T. B. Allen* for defendant in error.

TRIMBLE, J.—Plaintiff traded a stock of clothing to defendants for a tract of land in Oklahoma. The trade was made in DeKalb county, Missouri, before plaintiff had ever seen or had an opportunity to see the land. A few days after the trade, and after possession of the goods had been delivered to defend-

ants, plaintiff visited the land and discovered it was not at all as represented. He immediately came back to Missouri, hunted up the defendants, told them they had falsely and fraudulently misrepresented the land, insisted upon a rescission of the contract, offered to deed the land back again and demanded the return of his goods. Defendants refused to even entertain such an idea and promptly and repeatedly informed plaintiff they would not take the land back but would hold him to the trade. Thereupon plaintiff brought replevin for the goods on the ground of false and fraudulent representations. A trial resulted in plaintiff's favor and defendants have brought the case here by writ of error.

Their chief complaint is that the court should have sustained a demurrer to the evidence because of the alleged failure on the part of plaintiff to plead and prove a rescission on his part and a formal tender of a deed to defendants conveying the land back to them. There are other errors claimed but they will be noticed later.

So far as the pleading is concerned we think the petition is amply sufficient and contains all the allegations required in this kind of a case. It is true, in alleging that plaintiff rescinded the contract, the petition does not use the word "rescinded," but it does state facts from which a rescission follows as a legal consequence.

As to the proof in regard to rescission and tender on the part of the plaintiff, the evidence is clear that plaintiff rescinded the contract promptly and unqualifiedly and demanded a return of his goods. Plaintiff, however, did not go through the formalities of executing a deed to defendants and presenting it to them before bringing the suit. And it is on this that defendants' demurrer is really based. But the undisputed evidence shows that, although plaintiff was anxious to have them take the land back and expressed a present

readiness and fixed intention to deed it back to them, they announced to him their firm and unalterable determination to hold him to the trade and their absolute and final refusal to receive the land from him under any circumstances. This made it useless and vain for him to go to the expense and trouble of executing a deed and proffering it to them, and had he done so, it would have been wholly unavailing. In such case the formal tender of an actual deed is unnecessary, made so by act of the very parties who now insist that a tender should have been made. [Woods v. Thompson, 114 Mo. App. 38; Enterprise Soap Works v. Sayers, 55 Mo. App. 15.]

There was no error, sufficient to reverse the case, in permitting plaintiff Manning to testify as to the market value of the Oklahoma land. Other witnesses in his behalf, who lived near it and who were undoubtedly qualified, said it was worth $1800. Manning put it at $1500. The other side offered no testimony as to its value; and whether the land was worth $1800 or $1500 did not affect the issues involved, since, if plaintiff was otherwise entitled to recover, he would do so regardless of whether it was worth one or the other sum. Besides, he said he was acquainted with its market value and this, satisfying the trial judge, was sufficient in the absence of evidence showing that he did not know its value.

Nor did the court err in sustaining the objection to certain statements made to the jury in argument. The statements objected to were not an argument on the *facts*, but an incorrect exposition of the *legal effect* that would follow a verdict for plaintiff.

The refusal to admit in evidence the fire insurance policy for $1000 was proper. The purpose of the offer was to prove the value of the house by the amount of the policy. The policy could have had no such effect, but even if it could have so had, defendants were al-

lowed to prove orally that there was $1000 insurance on the house.

The testimony of the plaintiff, if believed by the jury, was ample to show that false and fraudulent representations were made; that they were made for the purpose of deceiving plaintiff and inducing him to trade; that they did induce him to trade; that he relied on them and had a right to do so and in fact could not have done otherwise and traded. The contention is made that because one of the defendants, in representing said land, told plaintiff he had never seen the land but had only learned about it from others, therefore, the representations were not false or fraudulent and plaintiff had no right to rely on them. But the land was owned by all three of the defendants, and although one of them did, after making a number of representations concerning the land, casually remark that he had never seen it, yet he made his representations as positive statements of fact and called in one of the other owners as one who had seen the land, and the latter then and there said he had seen it and made practically the same representations, so that the representations of one were those of both. The representations were concerning physical facts and conditions, not mere expressions of opinion. They were reasonable on their face and led plaintiff to make the trade. He had no opportunity to examine the farm, but relied on what the defendants told him of the farm. It was shown by unquestioned and disinterested witnesses that the farm was not anything like it was claimed to have been represented. All these were matters for the jury to pass upon and they did so adversely to the defendants who are plaintiffs in error here.

The point that plaintiff Manning could not rescind because he could not place the defendants *in statu quo* is not well taken. He had given a mortgage for $2100 on the land it is true, but it was for money owed by defendants, and every cent of it was used in paying

their debts. Defendants were going to make the deed of trust themselves, but when the trade was arranged, it was agreed that, for convenience, plaintiff would execute it after he got the land rather than take the land subject to the mortgage. Plaintiff's name being still on the note, *he* is the only one not able, perhaps, to regain his status; but of this defendants are in no position to complain.

The objections to the instructions given by the court for plaintiff are not well taken. We have examined them carefully and think that, as a whole, they present the law fairly and clearly to the jury. No error is found in the refusal of the court to grant defendants refused instructions since they either contained something objectionable or were unnecessary, because amply covered by other instructions for defendant which were given. Finding no error, our duty is to affirm the judgment. So ordered. All concur.