EMIL C. AEGERTER, APPELLEE, v. ANTON RONSPIES, APPELLANT.

FILED JANUARY 29, 1915. No. 17,983.

1. **Continuance:** ABSENCE OF WITNESS. The absence of a witness is not ground for a continuance, where his testimony would be inadmissible under the issues.

2. **Sales:** OFFER TO RETURN PROPERTY: WITHDRAWAL OF OFFER. A rejected offer to return a purchased chattel to the seller may be withdrawn by subsequent acts of the purchaser in using and in treating the property as his own.

3. **Appeal:** NOTES: CONSIDERATION: EVIDENCE. "Where a defendant pleads a total failure of consideration as a defense to an action on a promissory note, and his evidence at most tends to prove only a partial failure of consideration, it is not error to refuse to submit that defense to the jury." *Sibley & Davis v. Rodgers,* 90 Neb. 497.

4. **Appeal:** EXCLUSION OF EVIDENCE. Error cannot be predicated on the exclusion of testimony not within the issues.

APPEAL from the district court for Pierce county: ANSON A. WELCH, JUDGE. *Affirmed.*

*C. H. Stewart* and *M. H. Leamy,* for appellant.

*C. B. Willey, contra.*

ROSE, J.

This is a suit on a promissory note for $1,600, dated May 21, 1910, and due January 1, 1911. Plaintiff is the payee and defendant is the maker. The note shows on

its face that it was given for the purchase price of an automobile. Defendant admitted the execution of the note, and pleaded that the consideration to the extent of $100 was for instructions and for storage of the car; that the car was not new, but contained many old parts; that it failed to work properly; that plaintiff agreed to return the note any time during the year in case the car did not work perfectly; that he offered to return the car June 12, 1910; that he had driven it less than 1,000 miles; that plaintiff failed to give proper instructions; that employees of plaintiff replaced new parts with old, while the car was in his garage; that defendant had deposited in a bank, subject to the order of plaintiff, the amount due on the note, upon his putting the car in good running order. At the close of the testimony, the trial court directed a verdict for plaintiff, and defendant appeals.

The overruling of a motion for a continuance on account of the absence of a witness is assigned as error. The assignment must be overruled for insufficiency of the showing. It does not appear that his testimony would have been admissible under any issue raised by the pleadings.

Defendant contends that the verdict should have been in his favor, and that there was error in the peremptory instruction for plaintiff. On the record presented the position is untenable. Execution of the note is admitted. It was given for an automobile. After the alleged offer to return the car, defendant used it for his own benefit, making a number of trips. The evidence does not prove a total failure of consideration, but disproves an effective tender of the car to plaintiff. A rejected offer to return a purchased chattel to the seller may be withdrawn by subsequent acts of the purchaser in using and in treating the property as his own. *Hefner v. Robert,* 76 Neb. 192; *Fannin v. Thomason,* 50 Ga. 614. A partial failure of consideration was not properly pleaded. Under the evidence adduced, there was no error in directing a verdict for plaintiff, the rule being: "Where a defendant pleads a total failure of consideration as a defense to an action

97Neb.42

on a promissory note, and his evidence at most tends to prove only a partial failure of consideration, it is not error to refuse to submit that defense to the jury." *Sibley & Davis v. Rodgers,* 90 Neb. 497; *Daniels v. Englehart,* 18 Idaho, 548, 39 L. R. A. n. s. 938.

The exclusion of testimony in a number of instances is assigned as error, but the offered proofs were not within the issues.

AFFIRMED.

MORRISSEY, C. J., LETTON and FAWCETT, JJ., not sitting.